NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

ERIC SCOTT VALERO, *Appellant*.

No. 1 CA-CR 14-0750
FILED 8-18-2015

Appeal from the Superior Court in Maricopa County
No. CR2012-137908-001 DT
The Honorable Karen A. Mullins, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Tennie B. Martin
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Jon W. Thompson delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Kenton D. Jones joined.

---

**T H O M P S O N**, Judge:

¶1 Eric Scott Valero (defendant) appeals from the trial court's denial of his motion to vacate judgment. Defendant's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon,* 104 Ariz. 297, 451 P.2d 878 (1969), advising us that, after searching the record, she has been unable to discover any arguable questions of law. Defendant has been afforded an opportunity to file a supplemental brief *in propria persona*, but he has not done so. Finding no reversible error, we affirm.

¶2 In July 2012, Glendale police responded to a call and encountered defendant. Police Sergeant Roth asked defendant, a prohibited possessor, whether he was carrying a weapon and defendant answered in the affirmative. Sergeant Roth conducted a pat-down and found a gun on defendant's person. The state charged defendant with one count of misconduct involving weapons, a class 4 felony. After a jury trial, defendant was convicted as charged and the trial court sentenced him to seven years in prison. He appealed from his conviction and sentence, defense counsel filed an *Anders* brief, and we affirmed in 1 CA-CR 14-0314. After sentencing and after the notice of appeal from the conviction and sentence was filed, defendant filed a motion to vacate the judgment, arguing that his conviction should be vacated because of newly discovered evidence, asserting that the state's witness did not identify defendant as a prohibited possessor as a result of a prior conviction. After oral argument, the trial court denied the motion to vacate. Defendant timely appealed.

¶3 We have read and considered defendant's *Anders* brief, and we have searched the record pertaining to the motion to vacate for reversible error. We find none. The evidence was sufficient to establish defendant was a prohibited possessor, and defendant has not presented newly discovered evidence to the contrary. Pursuant to *State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984), defendant's counsel's obligations in this appeal are at an end.

**¶4** The trial court's post-judgment order denying defendant's motion to vacate is affirmed.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama